FILED
1/27/2021 6:00 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Consuelo Gomez

2021CI01757

CAUSE NO. _____

| | | |
|---|---|---|
| JACLYN RENEE BENDELE<br>*Plaintiff* | § | IN THE DISTRICT COURT |
| VS. | § | 225TH _____ JUDICIAL DISTRICT |
| ROBERT RAY TISDALE AND<br>VARSITY SPIRIT LLC<br>*Defendants* | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND RULE 193.7 NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, JACLYN RENEE BENDELE, complaining of ROBERT RAY TISDALE and VARSITY SPIRIT LLC, Defendants, and for cause of action would respectfully show the Court as follows:

### LEVEL 3

1.  Pursuant to Rule 190 and its subparts of the Texas Rules of Civil Procedure, discovery is intended to be conducted under Level 3 of said Rule.

### PARTIES

2.  **Plaintiff:** Plaintiff JACLYN RENEE BENDELE is an individual residing in Texas. The last three digits of her Texas driver's license number are 676, and the last three digits of her Social Security number are 477.

3.  **Defendants:**

    (1)   Defendant ROBERT RAY TISDALE an individual who is a nonresident of Texas, engages or has engaged in business in this state, but does not maintain a regular place of business or a designated agent for service of process. This lawsuit arises out of the business done in this state and to which said Defendant is a party. Therefore, under Section 17.044 of the Texas Civil Practice and Remedies Code, substituted service on Defendant should be made

1

by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, and forwarded to Defendant's home located at 1672 Laurel Knoll Cir, Apt. CL, Germantown, Tennessee 38139-6971.

(2)  Defendant VARSITY SPIRIT LLC is a Foreign For-Profit Limited Liability Company doing business in the State of Texas. Said Defendant may be served with process by serving its registered agent for service, Corporate Creations Network Inc., at 5444 Westheimer, #1000, Houston, Texas 77056 or at any other place or by any other means authorized by the Texas Rules of Civil Procedure.

## VENUE

4.  Venue is proper in Bexar County, Texas pursuant to V.T.C.A., Civil Practice and Remedies Code, §15.001, et seq in that the cause of action accrued and occurred in Bexar County, Texas.

## FACTS

5.  On or about December 13, 2019, Plaintiff was traveling in an automobile in Bexar County, Texas. On that date Defendant ROBERT RAY TISDALE was operating a vehicle on the same roadway in Bexar County, Texas. The vehicle driven by Defendant ROBERT RAY TISDALE collided with the vehicle operated by Plaintiff. As a result of the collision described above, Plaintiff suffered and sustained severe bodily injuries, and damages to her person and body generally and for which sums Plaintiff now sues. Plaintiff would further show that at the times and places in question, Defendant ROBERT RAY TISDALE was guilty of acts of omission and commission which constituted negligence, negligence per se, and gross negligence, and such acts and omissions, singularly or in combination with others, were a proximate cause or causes of the collision in question and of the serious bodily injuries and damages to the Plaintiff, and for such sums Plaintiff herein now sues, and for such sums said Defendants are liable, jointly and severally.

### NEGLIGENCE OF ROBERT RAY TISDALE

6. Pleading further, but not by way of limitation, and adopting paragraphs 1-5 above as though fully set forth verbatim, Defendant ROBERT RAY TISDALE was negligent in that he violated the duty which he owed Plaintiff to exercise ordinary care in the operation of a motor vehicle in one or more of the following particulars:

(1) by being inattentive, including, but not by way of limitation, inattentive due to operation or use of a cell phone or other electronic device while operating a motor vehicle;

(2) by failing to keep such lookout that a person of ordinary prudence would have kept under the same or similar circumstances;

(3) by failing to apply or timely apply the brakes to a motor vehicle;

(4) by driving at an excessive or unreasonable rate of speed such that he was unable to stop or prevent the motor vehicle he was operating from colliding into the vehicle operated by Plaintiff;

(5) by failing to drive safely;

(6) by failing to maintain an assured clear distance between the motor vehicle he was operating, and the vehicle operated by Plaintiff while following behind Plaintiff so that he could safely stop said vehicle without colliding into Plaintiff;

(7) by failing to control the speed of his vehicle as necessary to avoid colliding with another person or vehicle that is on the highway or roadway or an intersecting road or highway.

(8) by failing to stop at the proper place; and

(9) by failing to turn his vehicle to avoid a collision.

Each of such acts and omissions, singularly or in combination with others, constitute negligence which proximately caused the collision and the injuries and damages which Plaintiff suffered, and for such injuries and damages Plaintiff herein now sues and for such sums Defendants are liable.

### NEGLIGENCE PER SE OF ROBERT RAY TISDALE

7. Pleading further, but not by way of limitation, and adopting paragraphs 1-6 above as though

fully set forth verbatim, Defendant ROBERT RAY TISDALE was negligent per se on the date in question by engaging in conduct in violation of the following statutes, to wit:

(1) Texas Transportation Code § 545.062, by failing to maintain an assured clear distance between his vehicle and Plaintiff's vehicle while following behind Plaintiff's vehicle such that defendant was unable to safely stop without colliding with the vehicle operated by Plaintiff;

(2) Texas Transportation Code § 545.351, by failing to control the speed of a vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and by breaching the duty of each person to use due care; and

(3) Texas Transportation Code §545.401, by driving reckless, that is, by driving his vehicle in willful or wanton disregard for the safety of persons or property.

Each of such acts and omissions, singularly or in combination with others, constitute negligence per se which proximately caused the collision and the injuries and damages which Plaintiff suffered, and for such injuries and damages Plaintiff herein now sues and for such sums Defendants are liable. Those statutory violations identified above constitute negligence per se. The statutes cited above are intended to protect a class of persons of which Plaintiff is a member.

## VICARIOUS LIABILITY OF VARSITY SPIRIT LLC

8. Defendant VARSITY SPIRIT LLC is liable to Plaintiff for the negligent acts of Defendant ROBERT RAY TISDALE described above, under the doctrine of *respondeat superior* because ROBERT RAY TISDALE was in the course and scope of his employment, in active furtherance of Defendant VARSITY SPIRIT LLC's interests at the time the crash occurred.

## DAMAGES FOR PLAINTIFF

9. Currently, Plaintiff seeks monetary relief over $1,000,000.00. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer serious personal injuries, and to incur the following damages:

   A. Medical care and expenses in the past.

B. Medical care and expenses which Plaintiff will incur in the future;

C. Physical pain in the past;

D. Physical pain in the future;

E. Physical impairment in the past;

F. Physical impairment in the future;

G. Loss of income and earning capacity in the past;

H. Loss of income and earning capacity in the future;

I. Mental anguish in the past;

J. Mental anguish in the future;

K. Disfigurement in the past; and

L. Disfigurement in the future.

All damages are within the jurisdictional limits of the Court.

## REQUEST FOR DISCLOSURE

10. Under the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants disclose within 50 days of the service of this request, the information or material described in Rule 194.2.

## NOTICE OF INTENTION TO USE DOCUMENTS AND TANGIBLE ITEMS

11. Plaintiff is providing this Notice pursuant to Texas Rule of Civil Procedure 193.7 that she intends to use and utilize the documents and tangible items produced by Defendants in Defendants' deposition and Defendants' answers and responses to Interrogatories, Request for Production, Requests for Admissions, and Request for Disclosure against Defendants at trial, including but not limited to the medical records and affidavits, medical bills and affidavits, expert witness reports, expert witness correspondence, employment records, the police report and recorded statements, if any, photographs and cellular phone records. The authenticity of such items is self-proven per the Texas Rules of Civil Procedure, 193.7.

## PRAYER

12. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and answer, and that on final trial, Plaintiff recover against Defendants her:

   a. actual damages in a sum in excess of the minimum jurisdictional limits of the Court;

   b. exemplary damages;

   c. interest before and after judgment at the legal rate;

   d. cost of suit;

   e. attorney's fees if Plaintiff is required to prove up facts denied by Defendant(s) in response to requests for admission, if applicable; and

   f. such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Gamez Law Firm

By: _____
JOE A. GAMEZ
Texas Bar No. 07607200
ANTHONY "TONY" GARZA-VALE
Texas Bar No. 24074260
Email: tony@jagamezlaw.com
1119 Fresno
San Antonio, Texas 78201
Tel. (210) 736-4040
Fax. (210) 734-0100
Attorneys for Plaintiff

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**